United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOVO NORDISK A/S, et al.,

Plaintiffs,

v.

MOCHI HEALTH CORP., et al.,

Defendants.

Case No. 25-cv-06563-EKL (SVK)

**ORDER RE IN-HOUSE COUNSEL ACCESS TO AEO INFORMATION**

Re: Dkt. No. 75

Before the Court is the Parties' dispute regarding whether in-house counsel may access AEO information, and if so, under what circumstances. Plaintiffs propose terms of access for up to three in-house counsel; Defendants propose an alternative access structure. In light of the competing proposals, the Court is surprised that the Parties could not find their own way to compromise and concludes that this matter may be resolved without oral argument.
Civ. L.R. 7-1(b).

Having considered the District's Model Protective Order for Highly Sensitive Confidential Information ("Model Order"), upon which both Parties rely for their respective proposals, and the arguments set forth in the Joint Submission, the Court modifies the Parties' competing proposals and **ORDERS** as follows:

1. **The Parties may designate no more than two "Designated House Counsel" as provided in the optional language proffered in the Model Order.** Defendants' argument that the default, and thus preferred, approach under the Model Order is that in-house counsel have no access is not supported by the Model Order which expressly provides for "Designed House Counsel" access "as deemed appropriate in case-specific circumstances." It is often the case, as Plaintiffs proffer here, that in-house counsel plays an instrumental role which necessitates access to AEO information, such as steering

United States District Court
Northern District of California

litigation and directing settlement negotiations. Hence, the Model Order provides for such circumstances.

Defendants' remaining arguments for no in-house counsel access to AEO (e.g., that access would not be symmetrical given the structure of Defendants' legal team; heightened security concerns) are valid but not persuasive. The necessary foundation for access in this situation is, as both Parties suggest, guardrails for such access.

2. Accordingly, prior to Designated House Counsel receiving access to AEO materials, the following guardrails must be applied:

i. **Prior to accessing AEO, proposed Designated House Counsel must submit a declaration to the producing party attesting to the following:**

a. **His/her duties and reporting line;**

b. **That he/she does not have direct, substantive involvement in "Competitive Decision-Making."** The Parties are to meet and confer promptly to draft a mutually agreeable definition of "Competitive Decision-Making." If the Parties are unable to agree, they may file a joint statement setting forth competing proposals **no later than September 10, 2026**, with each party providing no more than one page of explanation in support of their proposal.

ii. **Proposed Designated House Counsel must sign the "Acknowledgment and Agreement to Be Bound."**

iii. **A Party has 10 days to object to Designated House Counsel, pursuant to which the Parties will engage in robust meet and confer in accordance with this Court's standing order before bringing the dispute to the Court.**

**SO ORDERED.**

Dated: September 3, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge