UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVO NORDISK A/S and NOVO NORDISK INC.,<br>Plaintiffs,<br>v.<br>MOCHI HEALTH CORP., MOCHI MEDICAL CA P.C., MOCHI MEDICAL P.A.,<br>Defendants. | Case No. 5:25-cv-06563- EKL-SVK<br>[MODEL WITH REVISIONS] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS<br>AS MODIFIED BY THE COURT |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of



United States District Court
Northern District of California

United States District Court
Northern District of California

information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other state or federal law, or which constitute or include information that is not generally available to the public and that the Designating Party would not want to be made public during the ordinary course of its activities or is under a preexisting obligation to a Non-Party to treat as confidential.

2.3 Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff to whom it is reasonably necessary to disclose the information for this action).

2.4 Customer: any direct purchaser of products or services from a Party, or any regular indirect purchaser of products or services from a Party, including pharmacy benefit managers and pharmacies, and does not include physicians or individual patients.

2.5 "Competitive Decision-Making": refers to counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor. To be clear, an attorney who provides legal advice incidental to business transactions, or negotiating or reviewing contracts, is not involved in the Competitive Decision-Making of the company.

2.6 Designated In-House Counsel: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter and who have no involvement in Competitive Decision-Making as defined herein. Each Party may designate up to two (2) Designated In-House Counsel.

2.7 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.8 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to

discovery in this matter.

2.9 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This definition does not include information which is sensitive solely because it contains Protected Health Information, the use and disclosure of which is governed exclusively by paragraphs 2.18 and 13.5.

2.11 In-House Counsel: individuals employed by a Party as attorneys. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13 Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party.

2.14 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15 Personal Information: any information, capable of identifying an individual person or household, that is subject to protection by or regulation under the United States Constitution, the General Data Protection Regulation (EU) 2016/679 (GDPR), California Consumer Privacy Act (CCPA), or similar domestic or foreign comprehensive consumer data privacy laws or regulations.

2.16 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.17 Professional Vendors: persons or entities that provide litigation support services

United States District Court
Northern District of California

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18 Protected Health Information ("PHI"): defined as set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including but not limited to 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.506(c)(3), 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), and 164.514(b)(2), as well as the definitions and guidance set forth in 45 C.F.R. § 160.103, § 164.501, and all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules").

2.19 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.20 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

United States District Court
Northern District of California

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. In addition, a Party or Non-Party may designate in writing, within 30 days after receipt of the final deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Protected Material. Any other Party may object to such proposal, in writing or on the record. All deposition transcripts shall be maintained as Protected Material for 30 days after receipt, in order to allow the Parties or Non-Parties sufficient time to designate any portions thereof as Protected Material and to provide notification of the same.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at relevant portions of those proceedings. The use of a document as an exhibit at a deposition, hearing, or other proceeding shall not, standing alone, affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a Designation, the Receiving Party must make reasonable efforts to assure that the Designated Material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall follow the procedures for resolving discovery disputes set forth in Judge van Keulen's Civil and Discovery Referral Matters Standing Order and present the dispute by filing a joint statement directed to Judge van Keulen. ~~the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any~~



United States District Court
Northern District of California

~~portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.~~

~~The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.~~

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record[2] in this action, as well as employees of

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form. If disputed, the Designating Party bears the burden of establishing such protection is required.

[2] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

United States District Court
Northern District of California

said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any mediator, arbitrator, or other dispute resolution neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

United States District Court
Northern District of California

said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to two (2) Designated In-House Counsel of the Receiving Party (1) who have no involvement in Competitive Decision-Making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any mediator, arbitrator, or other dispute resolution neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) If either Party has no In-House Counsel who can meet the requirements set forth in subparagraph (b) above, then that Party may designate one (1) Designated In-House Counsel who: (a) has primary responsibility for overseeing this litigation; (b) attests to his or her duties and reporting line (per subparagraph 2.i.a. of the Court's Order); and (c) signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A); provided that such Party further agrees that (d) the Designated In-House Counsel designated under this provision shall not be given, sent, or otherwise provided any document in any form (including paper or electronic) that the opposing Party has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." However, Outside Counsel may show, and discuss the contents of, such documents with such Designated In-House Counsel.

United States District Court
Northern District of California

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated In-House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any Competitive Decision-Making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert, (2) attaches a copy of the Expert's current resume, (3) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (4) identifies (by name, number of the case, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Parties shall follow the procedures for resolving discovery disputes set forth in Judge van Keulen's Civil and Discovery Referral Matters Standing Order and present the dispute by filing a joint statement directed to Judge van Keulen. ~~the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.~~

~~In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.~~

8. <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any person permitted to receive Highly Confidential Information pursuant to Section 8 herein, who obtains, receives, or otherwise learns, in whole or in part, Highly Confidential Information under this Protective Order may not be and will not be involved in the prosecution of patents or patent applications, including both foreign and U.S. applications and any reissue or reexamination applications, relating to semaglutide or any semaglutide analogs for the duration of one year after a judgment is entered in this Action or a settlement is executed. To avoid any potential misunderstanding, and consistent with the scope of the prosecution bar above, nothing herein shall preclude any attorney, or independent consultant or expert, for or representing any party from any work relating to any post-grant proceedings before the Patent Trial and Appeal Board under 35 U.S.C. §§ 311 et seq. or 35 U.S.C. §§ 321 et seq.; nor representing a party challenging a patent before a foreign agency; provided, however, that no person who has received Highly Confidential Information pursuant to Section 8 herein, shall provide any

input, or otherwise participate in any way, in the drafting or submission of any amendments to any claims in any reexamination, post-grant review ("PGR"), inter partes review ("IPR"), or foreign patent opposition proceeding pertaining to semaglutide or any semaglutide analogs during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. The foregoing restrictions of this Section 7 shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to Highly Confidential Information solely in their capacity as clerical staff. Nothing in this Section 7 shall be construed as a waiver of the other provisions of this Order, including but not limited to those provisions restricting the use and disclosure of Highly Confidential Information.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, government request, or court order, that requests or compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) use best efforts to give at least 10 days' notice before producing any materials If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or

United States District Court
Northern District of California

encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. CLAWBACK OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Producing Party discloses information subject to a claim of attorney-client privilege or work product protection or some other legal privilege or doctrine protecting information from disclosure, the disclosure of that information ("Disclosed Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter. This provision is, and shall be construed as, an Order under Federal Rule of Evidence 502(d). Accordingly, as explicitly set forth in Rule 502(d), a Party's production of information subject to a claim of attorney-client privilege, work product protection, or some other legal privilege or doctrine protecting information from disclosure ("Disclosed Information"), whether inadvertent or otherwise, is "not a waiver of any privilege or protection in this or any other federal or state proceeding." This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision does not apply to privileged or otherwise protected material affirmatively utilized by the Producing Party. This provision is not intended to permit, and does not permit, a Producing Party to intentionally produce material without a privilege screen and subsequently clawback privileged or otherwise protected material. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any Party or Non-Party to seek its modification by the court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.4 Prohibited Disclosure to Customer or Competitor. Without express written consent from the Producing Party or court order, in no event shall any disclosure of a Producing Party’s Protected Material be made to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of a Customer or competitor, a previous employee of a Customer or competitor within a full year prior to the filing of the initial complaint in this Proceeding, or a paid consultant receiving payments during the course of the litigation from a Customer or competitor. Further, no expert or consultant engaged by a Receiving Party for purposes of advising on or litigating this Proceeding, to whom a Producing Party’s Protected Material is disclosed by that Receiving Party, may provide advice to a competitor of that Producing Party concerning the development, approval, marketing, or sale of any Competing Product until the conclusion of this Proceeding or until four years after the expert or consultant last reviewed the Producing Party’s Protected Material. Any expert or consultant engaged by a Receiving Party for purposes of advising on or litigating this Proceeding, to whom a Producing Party’s Protected Material is disclosed by that Receiving Party, shall—in addition to signing Exhibit A—further

United States District Court
Northern District of California

confirm in writing that they understand and acknowledge that they are such an expert or consultant for purposes of this Paragraph, and the Receiving Party will provide notice of such confirmation to any Producing Party whose Protected Material the expert or consultant will receive. This provision does not govern the disclosure of information which is considered Protected Material solely because it contains Protected Health Information, the use and disclosure of which is governed exclusively by paragraphs 2.19 and 13.5.

13.5 Protected Health Information. Any PHI shall be deemed Protected Material and, as such, subject to the terms of this Protective Order. Any person who receives and stores PHI in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Proceeding. PHI will be securely returned or destroyed pursuant to Paragraph 14 below. The Parties agree that any Protected Health Information and Personal Information will not be used or disclosed for any purposes other than the litigation or proceeding for which such information was requested, and shall be returned to the Producing Party or, at the option of the Producing Party, be destroyed in compliance with Paragraph 14, below. The Producing Party, at its discretion, may redact PHI in documents produced in this action.

13.6 Security of Protected Material. Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality or sensitivity and, at a minimum must take reasonable precautions to protect Protected Material from loss or misuse, including but not limited to:

(a) Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order;

(b) An audit trail of use and access to litigation support site(s) shall be maintained while the litigation, including any appeals, is pending;

(c) No Protected Material, including excerpts from Protected Material, may be inputted into any public, non-compartmentalized generative artificial intelligence system (e.g., ChatGPT, Google Gemini, etc.).

(d) Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

(e) Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order, but nothing within this provision requires such persons to maintain such Protected Material in an individually locked office;

(f) Summaries of Protected Material, including any lists, memoranda, indices, or compilations prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

(g) If the recipient of Protected Material is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

(h) If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient

information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement or other government agencies in investigating any such security incident.

13.8 Third-Party Litigation Funding. Funders of litigation shall be prohibited from accessing, and denied copies of, any Protected Material. The term "funders of litigation" shall be applied broadly and include any entity or individual engaged in the business of litigation funding, their employees, counsel, consultants, and other agents, whether foreign or domestic. Parties will comply with the Department of Justice, National Security Division's Foreign Agents Registration Act, as may be applicable.

14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, the Parties and their Outside Counsel are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business. However, the Parties agree that no Discovery Material shall be retrieved from the electronic back-up systems after the conclusion of the action and further agree that Discovery Material stored in the electronic back-up systems will not be used for any purpose without express permission of the Producing Party. In addition, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (**DURATION**).

IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 29, 2026 *
/s/ Nathan E. Shafroth*
Attorneys for Plaintiffs

DATED: September 29, 2026 *
/s/ Joseph R. LaMagna*
Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 13, 2026

Hon. Susan van Keulen
United States Magistrate Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of __________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on November 12, 2026 in the case of *Novo Nordisk A/S and Novo Nordisk, Inc., v. Mochi Health Corp., Mochi Medical CA P.C., Mochi Medical P.A.*, Case No. 5:25-cv-06563-EKL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ___________________________________

City and State where sworn and signed: ___________________________________

Printed name: ________________________________
[printed name]

Signature: ___________________________________
[signature]